THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORIANN KHANI,

                Plaintiff,

vs.

REGENCE BLUESHIELD, a Washington non-profit corporation, and THE BOEING TRADITIONAL MEDICAL PLAN,

                Defendants.

No. C09-1067Z

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Allowance of Attorney Fees, docket no. 75. Having considered all papers filed in support of and in opposition to Plaintiff's motion, the Court enters the following Order.

**BACKGROUND**

Plaintiff Loriann Khani brought this action under the Employee Retirement Income Security Act ("ERISA"). Plaintiff, an employee of Boeing Company, sought

coverage from Defendants Regence Blue Shield ("Regence") and Boeing Traditional Medical Plan (the "Plan") for a ventral hernia repair with component separation and panniculectomy to address complications of a covered gastric bypass operation. Regence pre-approved coverage for the ventral hernia repair with component separation but denied coverage for the panniculectomy, causing Plaintiff to prepay $6,000 in doctors' fees related to the panniculectomy before undergoing the two procedures in June 2007. Afterwards, Regence paid Virginia Mason Hospital (the "Hospital") for the hospital costs associated with the entire operation. When Plaintiff appealed the denial of coverage for the panniculectomy, however, Regence obtained a full refund of its payment for the operation. As a result, the Hospital's collection agency sued Plaintiff in state court for $35,304.64, the un-negotiated retail cost of the operation. The state court stayed that lawsuit (the "Hospital's Lawsuit") pending the outcome of this case.

After trial on the administrative record, the Court held that Regence abused its discretion by denying coverage for the operation, made the denial in bad faith, and committed serious procedural irregularities. Order at 27, Sept. 19, 2011 (docket no. 73). The Court ordered Defendants to pay the Hospital for the cost of the 2007 operation "such that the Hospital no longer has a claim against her for any portion of that operation" and reimburse Plaintiff for the amount she pre-paid for the operation. Id. at 27-28. Plaintiff now moves for attorney fees in the amount of $39,162.50.

**DISCUSSION**

An ERISA plan participant who prevails in a suit to enforce rights under the plan may recover attorney fees "unless special circumstances would render such an award unjust." See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); see also 29 U.S.C. § 1132(g)(1). To obtain attorney fees, the ERISA plan participant must show that (i) he or she is entitled to attorney fees under the five factors articulated in Hummel v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980)[1,2]; and (ii) the fees are reasonable as evaluated under the hybrid lodestar/multiplier test, see Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

The hourly attorney and paralegal rates sought by Plaintiff, $295 and $95 respectively, are reasonable and commensurate with amounts recently awarded to similarly situated Seattle ERISA practitioners. See Johnson v. Georgia-Pacific Corp., No. C04-1463RSM, 2009 WL 3190343, at *4 (W.D. Wash. Sept. 30, 2009) ($300 is a reasonable hourly rate for counsel's work); MacDonald v. Lincoln Nat. Life Ins. Co., No. C09-829Z, 2010 WL 2985688, at *2 (W.D. Wash. July 23, 2010) ($300 and $125 are reasonable hourly rates for attorney and paralegal time respectively). In addition,

---

[1] The five factors are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummel, 634 F.2d at 453.

[2] Given that Defendants acted in bad faith, Plaintiff is entitled to attorney fees. See Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 590 (9th Cir. 1984) ("Based on [the degree of the opposing parties' culpability or bad faith] alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant.").

the number of attorney and paralegal hours expended on this case, 126.7 and 18.8 respectively, were reasonable, see MacDonald, 2010 WL 2985688 at *2 (105 attorney and 4 paralegal hours were reasonably expended during the litigation), except with regard to secretarial tasks performed by the paralegal, addressed in Section I below.

Without disputing Plaintiff's application of the Hummel factors to this case or the reasonableness of Plaintiff's attorney's fees under the hybrid lodestar/multiplier test, Defendants oppose Plaintiffs' attorney fee request on three separate grounds.

**I.      Secretarial Tasks Performed by a Paralegal**

First, Defendants argue that Plaintiff should not recover fees, totaling $532.00, associated with 5.6 hours of "secretarial tasks" performed by a paralegal, including filing documents with the Court and organizing, scanning, and emailing exhibits for a pre-trial statement.[3] Def.'s Opp. at 6 (docket no. 80). This argument has merit. Purely clerical or secretarial work, such as filing pleadings, is compensable in an attorney's fee award if it is customary to bill such work separately, but such tasks "should not be billed at the paralegal rate, regardless of who performs them." Davis v. City and Cnty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (quoting Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989)). Therefore, the Court excludes 5.6 paralegal hours from the time to be compensated. See Johnson v. Georgia-Pacific Corp., No. C04-1463RSM, 2009 WL 3190343, at *2 (W.D. Wash. Sept. 30, 2009)

---

[3] Defendants additionally assert that the following tasks were "secretarial": Plaintiff's attorney's conversation with the District Court clerk regarding the status of filing a complaint under seal; and paralegal "review" and calculation of attorney fees and costs. Def.'s Opp. at 6-7 (docket no. 80). Defendants provide no reasoning or case law to support the contention that a secretary could have appropriately performed such tasks, however. Id.

ORDER - 4

(excluding time spent on clerical activities from the time compensated by the attorney fee award).

## II.     Representation in a Separate but Related Lawsuit

Second, Defendants argue that Plaintiff improperly seeks to recover attorney fees, amounting to $4,689.50, for time spent on defending the Plaintiff from the Hospital's Lawsuit, which they call a "separate lawsuit involving a nonparty" that "does not involve ERISA claims." Def.'s Opp. at 3 (docket no. 80). Contrary to Defendants' contentions, however, the Ninth Circuit has held that an award of attorney fees should cover "every item of service which, at the time rendered, would have been undertaken by a reasonable prudent lawyer to advance or protect his client's interest" in the case at bar, even if such service involves representing *other parties* in a separate lawsuit. Armstrong v. Davis, 318 F.3d 965, 971-72 (9th Cir. 2003) (quoting Hasbrouk v. Texaco, Inc., 879 F.2d 632, 638 (9th Cir. 1989)); see also Gates v. Gomez, 60 F.3d 525, 535 (9th Cir. 1995) (affirming award of attorney fees for filing an amicus brief in a similar action involving different parties); G & G Fire Sprinklers, Inc. v. Bradshaw, 156 F.3d 893, 908 (9th Cir. 1998) (affirming award of attorney fees for work on a related, prior proceeding).

Here, Plaintiff's attorney's defense of Plaintiff in the Hospital's Lawsuit was a service that "would have been undertaken by a reasonable prudent lawyer" to protect Plaintiff's interest. While the Hospital's Lawsuit does not involve ERISA claims, it is directly related to Plaintiff's ERISA claims in this case. Specifically, Defendants'

denial of coverage for Plaintiff's June 2007 operation, which constituted an abuse of discretion and manifested serious procedural errors, caused the Hospital to sue Plaintiff to recover the cost of the operation. See Order at 27-28, Sept. 19, 2011 (docket no. 73); Khani Decl. ¶ 12 (docket no. 48). Accordingly, defending Plaintiff against the Hospital's Lawsuit was important to preserving Plaintiff's rights under ERISA, and such action "would have been undertaken by a reasonable prudent lawyer to advance or protect" Plaintiff's interest. See Armstrong, 318 F.2d at 972. Thus, the Court may award attorney fees for Plaintiff's attorney's work on the Hospital's Lawsuit, and the fact that the Hospital's Lawsuit was a separate but directly related lawsuit does not bar such an award. See id.; G & G Fire Sprinklers, 156 F.3d at 908. Therefore, the Court awards attorney fees for time spent by Plaintiff's attorney on defending against the Hospital's Lawsuit.

## III. Unsuccessful Attempt to Conduct a Deposition

Third, Defendants oppose Plaintiff's request for attorney's fees because they claim that Plaintiff's unsuccessful attempt to conduct a deposition and oppose Defendants' motion for protective order, amounting to $3,735.00 in attorney's fees, was baseless. Def.'s Opp. at 5 (docket no. 80). This argument is meritless. Although the Court granted Defendant's motion for protective order, Order at 7, Mar. 31, 2011 (docket no. 54), Plaintiff's attempt to conduct a deposition was not legally baseless since the deposition sought evidence regarding procedural irregularities, Pl.'s Resp. to Mot. for Protective Order at 10 (docket no. 36), and a district court may consider

evidence outside the administrative record when, as here, an ERISA plan administrator has committed procedural irregularities. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 972-73 (9th Cir. 2006) ("the court may take additional evidence when the irregularities have prevented full development of the administrative record"). Further, when a plaintiff has completely prevailed in a lawsuit, as here, a fee award for reasonable hours spent on the litigation "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Thus, Plaintiff's lack of success in attempting to take a deposition does not bar the Court from awarding attorney fees for that attempt, and the Court awards attorney fees for time spent on that attempt.

## **CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion, docket no. 75, and AWARDS attorney fees in the amount of $38,630.50. The Clerk is DIRECTED to enter judgment consistent with this Order and to send copies of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 16th day of November, 2011.

Thomas S. Zilly
United States District Judge